IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMIRO ROMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No.   07-244 |
| | : | |
| | : | |
| PAC INDUSTRIES, INC. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                              **January 22, 2008**

Ramiro Roman seeks an award of $32,714.00 in attorneys' fees for his successful age discrimination lawsuit against PAC Industries, Inc.  PAC Industries uses a fee schedule published by Community Legal Services, Inc. (CLS) to dispute the reasonableness of the hourly rates; it also argues the hours billed were excessive, redundant, or otherwise unnecessary.  Because I agree with Roman regarding the billing, I will award $32,714.00 in attorneys' fees.

## FACTS

The jury found PAC Industries discriminated against Roman and awarded him $27,464.69 in damages and $1,464.69 in prejudgment interest.  Karpf, partner of the firm Karpf, Karpf & Virant, filed a petition for $32,714.00 in attorneys' fees, based on an hourly rate of $250 and 128 hours he spent on the case and an hourly rate of $175 and four hours five minutes spent on the case by Jeremy Cerutti, an associate with Karpf.  In support, counsel have submitted hourly billing records, affidavits as to prevailing rates in the area,  and affidavits regarding their individual skill levels.

## DISCUSSION

In an employment discrimination case, the district court has the discretion to award the prevailing party reasonable attorneys' fees.  42 U.S.C. § 2000e-5(k); *Spencer v. Wal-Mart Stores,*

*Inc.*, 469 F.3d 311, 318 (3d Cir. 2006).  A calculation of attorneys' fees begins with the "lodestar," the product of the appropriate billing rates multiplied by the number of hours the involved attorneys reasonably expended on the action.  *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  A reasonable hourly rate is calculated according to the prevailing market rates charged by attorneys of equivalent skill and experience performing work of similar complexity in the community.  *Washington v. Phila. County Ct. Com. Pl.*, 89 F.3d 1031, 1035-36 (3d Cir. 1996).  The prevailing party "bears the burden of establishing with satisfactory evidence, in addition to [the] attorney's own affidavits, . . .  the requested hourly rate meets this standard."  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).  "We then consider whether the time charged is reasonable, excluding hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission to his client."  *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed. Appx. 93, 96 (3d Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In reviewing a fee application, a district court must conduct "a thorough and searching analysis."  *Evans v. Port Auth. Of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001).

As the prevailing party, Roman has the burden of demonstrating "the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity." *Washington*, 89 F.3d at 1036 (quoting *Student Pub. Interest Research Group v. AT & T Bell Lab.*, 842 F.2d 1436, 1450 (3d Cir. 1988)).  To challenge, PAC Industries must state its grounds with "sufficient specificity."  *See Bell v. United Princeton Props.*, 884 F.2d 713, 715 (3d Cir. 1989).

Karpf, who seeks a $250 hourly rate for 128 hours of work, has a little over four years of experience as an attorney.  Since his admission to practice in November, 2003, he has been

practicing federal employment law.  After practicing for two years, Karpf opened his own law firm, Karpf, Karpf & Virant, of which he is a partner.  To date, Karpf has worked on more than 200 federal cases throughout Pennsylvania and New Jersey.  He has been lead counsel in several state court trials in the greater Philadelphia area and has both assisted and served as lead counsel in several federal trials.  On April 13, 2005, in an employment case, Magistrate Judge Jacob H. Hart found Karpf's requested hourly rate of $215 as a second year associate reasonable.  *Omari v. Waste Gas Fabricating Co., Inc.*, 2005 WL851345, slip op. at 2 (E.D. Pa. Apr. 13, 2005).  In that case, the court found Karpf to have ably examined witnesses, defended the plaintiff's deposition, and conducted all but two of the fourteen depositions taken by his firm in the matter.  *Id.*  In this matter, Karpf served as the lead attorney.

Cerrutti, who seeks a $175 hourly rate for four hours and five minutes of work, was admitted to practice law in December, 2005.  He has worked as a law clerk for the Honorable James J. Morely in the Superior Court of New Jersey and as an associate at Karpf, Karpf & Virant for one year.  Cerrutti is engaged primarily in the practice of employment law, appearing regularly before federal judges in Pennsylvania and New Jersey.

I find Roman sustains his burden as to Karpf's requested rate of $250 per hour and Cerruitti's requested rate of $175 per hour, by submitting affidavits of Wayne Ely and Richard Swartz, attorneys in the Philadelphia area who engage primarily in the practice of employment law.  These affidavits support both Karpf's requested hourly rate of $250 and Cerrutti's requested hourly rate of $175 as reasonable and within the range of prevailing rates charged by Philadelphia attorneys with their skill and experience.

PAC Industries' response does not contest the affidavits submitted by Roman's attorneys and

3

does not submit its own affidavits.  Rather, the only challenge PAC Industries asserts to the fee request is a fee schedule published by CLS, which PAC Industries purports sets forth reasonable rates for attorneys in the community.  This document "lists the fee schedule used by CLS . . . to compensate CLS for the legal services provided to its clients."  It lists $160-$200 per hour for an attorney of two to five years of experience and $150-$170 for attorneys of less than two years of experience.  PAC Industries argues the court in *Maldonado v. Houstoun*, 256 F.3d 181, 183 (3d Cir. 2001), approved the CLS fee schedule as reasonable, but the court used the schedule in that case because neither party had provided much evidence pertaining to reasonable hourly rates.  The cases cited by *Maldonado* relied on the CLS fee schedule in determining a reasonable attorneys' fee only because the attorney was either associated with or employed by CLS.  *See Rainey v. Phila. Housing Auth.*, 832 F. Supp. 127, 129 (E.D. Pa. 1993); *Swaayze v. Phila. Housing Auth.*, No. 91-2982, 1992 WL 81598, at *2 (E.D. Pa. Apr. 16, 1992).  Here, the CLS fee schedule is not necessary to determine a reasonable rate because Roman provided sufficient evidence regarding reasonable hourly rates and Roman's attorneys are neither associated with nor employed by CLS.

Roman has met his prima facie burden of proof under the "community market rate" lodestar test with respect to the rates of his attorneys, Karpf and Cerutti.  I find Roman's requested hourly rates to be reasonable.

An attorney seeking compensation "must document the hours for which payment is sought with sufficient specificity."  *Washington*, 89 F.3d at 1037 (quoting *Keenan v. City of Phila.*, 983 F.2d 459, 472 (3d Cir. 1992)).  Specifically, a "fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed."  *Id*. (quoting *Keenan*, 983 F.2d at 473).  A fee petition should include "some fairly definite information

4

as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).  Nevertheless, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.*  Courts have found computer-generated time sheets which include the date and summaries of time spent by an attorney are sufficiently specific to meet the standards of *Rode.  Id.* (citing *Keenan*, 983 F.2d at 473).

In support of the petition for attorneys' fees, Roman submits an itemized statement detailing the dates, the nature of the work, and the time spent by Karpf and Cerutti.  Roman's attorneys do not seek any fees for time expended by secretarial or paralegal staff, such as deposition scheduling, telephone calls, copying, and the creation of trial exhibit folders.  Karpf also declines to bill several hours for his post-trial work, including any hours spent preparing the Motion for Prejudgment Interest and responding to PAC Industries' reply brief.  After examining the number of hours plaintiff's attorneys expended, I am persuaded the itemized list is sufficiently specific and the time expended tasks reasonable.

PAC Industries argues the number of Roman's counsels' billed hours is unreasonable because this was not a complex trial and no dispositive or post-trial motions were filed.  Specifically, it cites five examples of excessive, redundant, or otherwise unnecessary hours spent by Roman's counsel.  PAC Industries, however, fails to explain with any specificity how the identified hours are redundant, excessive, or unnecessary.  For example, in its reply brief, PAC Industries states "the amount of time (3.5 hours) sought for discovery, disclosures, and case management order is excessive."  Defendant's Reply Brief at 5.  As noted above, PAC Industries has the burden to state the grounds for its

challenge to a fee request with "sufficient specificity." *Bell*, 884 F.2d at 715.  Its assertions are vague and conclusory and lack the required specificity to challenge successfully the reasonableness of Roman's attorneys' fees.  It has failed to meet this burden.

Karpf was thorough and prepared during the trial.  He was skilled in examining witnesses. His familiarity with the evidence and his close knowledge of the cases were undeniable.  Roman has met his prima facie burden under the "community market rate" lodestar test and established the reasonableness of his attorneys' hourly rate and hours billed.

An appropriate order follows.